# In the United States Court of Federal Claims

No. 20-1459

(Filed: March 26, 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BASIA EL BEY, Administrator of Tribal Administration Trust, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

*Pro* se; Copyright Infringement; RCFC 12(b)(6); Failure to State a Claim; Motion for Default Judgment

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Basia El Bey*, Las Vegas, NV, *pro se*.

*Joshua A. Mandlebaum*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

Basia El-Bey, a *pro se* plaintiff, brings this suit for copyright infringement against the United States. Before the Court is the government's motion to dismiss for failure to prosecute pursuant to Rule 41(b) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Because Plaintiff has failed to plead sufficient facts to state a claim for copyright infringement, the motion to dismiss is **GRANTED**. Additionally, Plaintiff's Motion for Default Judgment is **DENIED**.

### I. BACKGROUND

Basia El-Bey, "Administrator of Tribal Administration Trust," filed two separate but identical complaints[1] on October 16, 2020, alleging copyright infringement by twenty-three individuals—identified by name only[2]—and the United States. *See* Compl. at 1-2, ECF No. 1. El-Bey alleges that these individuals, collectively referred to as "Texas" for some unexplained

---

[1] The complaint and all filings by both parties are identical in this case and *Basia El Bey v. United States*, Case No. 20-1460. Accordingly, the Court files this Order and Opinion in each of the two cases.

[2] Though El-Bey provides no information, it appears that some of these individuals may be state-level officials involved in a related district court case. *See* Def. Mot. to Dismiss at 4, ECF No. 6; *El Bey et al. v. Dominguez et al.*, No. 2:20-cv-073-Z-BQ (N.D. Tex. Mar. 24, 2020).

reason, "used the United States Postal Service to display the copyright without consent of the owner." *Id.* at 2. According to the complaint, these individuals engaged in "unauthorized uses of the copyright in retaliation" after a March 2020 lawsuit involving "false arrest, wrongful trespassing, illegal conversion, and negligence." *Id.* Further, El-Bey asserts his claim against the United States as "co-conspirators" in the copyright infringement because it "failed to exercise their right and ability to supervise Texas" and "to intercede when they had an obligation to do so[.]" *Id.* at 3.

El-Bey provides no information about the copyright or its infringement except to say that he "is the sole owner of the copyright with reference number CLCN-021919828466-APH" and that "[i]ts assignment is recorded on UCC Filing number 18-7639746344[.]" Compl. at 2. El-Bey alleges that he sent a cease and desist notice to "Texas" and the United States in July and September 2020, with a "fee amount of one million dollars if the defendants failed to cease with their unauthorized use of the copyright." *Id.* at 2-3. "Texas" allegedly again displayed the copyright on October 1, 2020, "showing their willful intent of their unauthorized use of the copyright." *Id.* at 2. As a result of the alleged infringement, El-Bey seeks various forms of relief, including "[e]ach Defendant . . . to pay money damages in the amount of One Million Dollar (1,000,000.00), a certain amount of Twenty-four Million (24,000,000.00) Dollars" and "[a]n immediate order of Injunction against defendants/respondents to prevent further infringements upon the copyright." *Id.* at 4.

## II. PROCEDURAL HISTORY

On December 14, 2020, the government filed its motion to dismiss for failure to prosecute or, alternatively, failure to state a claim, pursuant Rules 41(b) and 12(b)(6), respectively, of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Def. Mot. to Dismiss at 1, ECF No. 6. First, the government argues that a Rule 41(b) dismissal is appropriate because El-Bey's filing his complaint as "Administrator of Tribal Administration Trust" violates the directive of RCFC 83.1(a)(3) that "[a]n individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court." *Id.* at 6 (quoting RCFC 83.1(a)(3)).[3] Alternatively, the government argues that, under RCFC 12(b)(6), El-Bey has failed to state a claim upon which relief can be granted because he has pleaded insufficient factual allegations. *Id.* at 7. Specifically, the government argues that El-Bey has not shown that he has a registered copyright, identified what the copyright protects, or explained how the copyright was infringed. *Id.* at 7-8. In his response, El-Bey merely reasserts his allegation, without any further factual enhancement, that "Texas started to use the

---

[3] Because the Court dismisses this case on Rule 12(b)(6) grounds, it need not decide the government's 41(b) argument. In his response to the government's motion, El-Bey addresses only the 41(b) argument, stating that ":Basia: El-Bey: [*sic*] is the claimant in this case listed as plaintiff, not a trust." Pl.'s Resp. at 1, ECF No. 10. The Complaint's lack of information regarding ownership of the alleged copyright prevents the Court from determining whether El-Bey has brought this claim in his individual capacity or on behalf of a trust—information about the existence and nature of which trust is, itself, lacking. As discussed in this Opinion, El-Bey's failure to establish ownership of a valid copyright contributes to his failure to state a claim, regardless of whether the alleged copyright is owned by himself or a trust. As such, in either instance, dismissal under Rule 12(b)(6) is appropriate.

copy-right/copy-claim through the United States postal services for their personal gain without consent, which is fraud and piracy." Pl.'s Resp. at 1, ECF No. 10. El-Bey spends the rest of his response questioning the use of the term "sovereign citizen" in the government's motion and demanding that the government answer a series of nonsensical questions. *Id.* at 2-3.

Following El-Bey's response, the government elected not to file a reply by the January 22, 2021 deadline, thereby standing on its original motion. *See* Order, ECF. No 9. On March 19, 2021, the Clerk's office received from El-Bey a motion for default judgment and supporting affidavit, which were filed by leave of the Court. *See* Order, ECF No. 11. Though the bulk of the motion again takes issue with the government's use of the term "sovereign citizen" in its motion to dismiss, it appears that El-Bey seeks entry of a default judgment based on the government's decision not to file a reply to El-Bey's response to the government's motion to dismiss. *See* Pl.'s Mot. for Default J., ECF No. 12.

### III.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (requiring a pleading to offer "more than labels and conclusions"). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, a plaintiff must plead sufficient factual matter to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

The pleadings of a *pro se* plaintiff are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The liberal reading afforded to a *pro se* plaintiff's complaint "may explain [the complaint's] ambiguities, but it does not excuse its failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Moreover, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest." *Strougher v. United States*, 89 Fed. Cl. 755, 760 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Constant v. United States*, 929 F.2d 654, 658 (Fed. Cir. 1991)).

### IV.   DISCUSSION

#### A.   Defendant's Motion to Dismiss

El-Bey's copyright claim does not contain sufficient factual allegations to survive the Rule 12(b)(6) standard. The Court of Federal Claims has exclusive jurisdiction over copyright infringement claims against the United States. 28 U.S.C. § 1498(b). Outside the statutory

exceptions which are inapplicable in this case, registration of a copyright is required to bring a claim for copyright infringement. 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnuck*, 559 U.S. 154, 166 (holding that copyright registration is a nonjurisdictional precondition to suit). Thus, "[t]o prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer." *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In an infringement suit against the United States, the alleged infringer may be the United States itself or "any person, firm, or corporation acting for the Government and with the authorization or consent of the Government . . . ." 28 U.S.C. § 1498(b). As such, a suit against the government, if based on alleged infringement by a different party, requires the plaintiff to prove an additional element—that the alleged infringer acted on behalf of and with the authorization or consent of the government.[4] *See id.*

The allegations of copyright infringement in El-Bey's complaint amount to nothing more than the conclusory statements, devoid of any factual enhancement, that he owns a copyright and that it was infringed upon. First, El-Bey asserts no facts to support his claim that he holds a valid copyright. The complaint contains only a copyright "reference number" without a certificate of registration or any description of what the copyright protects. *See* Compl. at 2. Further, in his response to the government's motion to dismiss, El-Bey does not address the government's contention that the registration number is inauthentic. *See* Def. Motion to Dismiss at 2; Pl.'s Resp. Second, El-Bey provides no factual allegations surrounding the alleged infringement except to state that the infringers "used the United States Postal Service to display the copyright without consent[.]" Compl. at 2. Finally, El-Bey provides no facts about the individuals alleged to have committed the infringement, much less any that would support a finding that they acted on behalf of and with the authorization or consent of the United States. In fact, the United States' only involvement, according to the complaint, was its failure to supervise and intervene to prevent the infringement. *Id.* at 3. Such an allegation, without any facts regarding the direct involvement of the United States, is speculative and insufficient to maintain a claim.

In sum, El-Bey has not pleaded sufficient facts to support any element required to state a plausible claim for copyright infringement against the United States. As such, pursuant to RCFC 12(b)(6), the claim must be dismissed.

### B.    Plaintiff's Motion for Default Judgment

The government's decision not to file a reply to El-Bey's response to the motion to dismiss does not warrant entry of a default judgment. Rule 55 permits entry of a default

---

[4] El-Bey appears to seek relief from each of the alleged infringers individually, not just the United States. *See* Compl. at 1 (seeking "money damages in excess of One Million Dollars against each defendant"). This Court's jurisdiction is confined to reviewing claims for money damages against the United States, not any individual. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). As such, any claim against these individuals would be dismissed for lack of jurisdiction. The Court, therefore, liberally construes El-Bey's assertion that the infringers are "agent[s] and assign[s] of the United States," Compl. at 2, to mean that they acted on behalf of and with the authorization of the government, as required to bring a claim under 28 U.S.C. § 1498(b).

judgment only if a party against whom relief is sought "has failed to plead or otherwise defend" against the claim. RCFC 55(a). El-Bey filed his complaint on October 16, 2020. *See* Compl., ECF No. 1. The government satisfied the responsive pleading requirements by filing its motion to dismiss on December 14, 2020. *See* RCFC 12(a)(4); Def. Mot. to Dismiss, ECF. No. 6. The decision not to file a reply is not grounds for default, as replies to responses to 12(b) motions are permissive, not mandatory. *See* RCFC 7.2(b)(2) ("A reply to a response **may** be filed within 14 days after service of the response.") (emphasis added); *see also* ECF No. 9 ("If the government does not file a reply, the Court will interpret that as an affirmative decision to stand on its December 14, 2020 Motion to Dismiss."). Because Plaintiff has not stated proper grounds for default judgment, the motion is denied. The government need not respond to the motion.

## V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff's Motion for Default Judgment is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                              s/ Thompson M. Dietz
                                                              THOMPSON M. DIETZ, Judge